Matter of Inuel S. (Eunice F.) (2018 NY Slip Op 04822)





Matter of Inuel S. (Eunice F.)


2018 NY Slip Op 04822


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Acosta, P.J., Sweeny, Webber, Kahn, Oing, JJ.


6991

[*1]In re Inuel S., and Another, Dependent Children Under the Age of Eighteen Years, etc., Eunice F., also known as Eunice M., Respondent-Appellant, Graham Windham Services to Families and Children, Petitioner-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Carrieri & Carrieri, P.C., Mineola (Ralph R. Carrieri of counsel), for respondent.
Dawne E. Mitchell, Jr., The Legal Aid Society, New York (Seymour W. James, Jr. of counsel), Attorney for the Children.



Order, Family Court, Bronx County (Valerie Pels, J.), entered on or about July 18, 2016, which, upon a fact-finding determination that respondent mother suffers from a mental illness as defined by Social Services § 384-b(6), terminated her parental rights to the subject children and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The agency established by clear and convincing evidence that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject children (see Matter of Thaddueus Jacob C. [Tanya K.M.], 104 AD3d 558 [1st Dept 2013]). The evidence included a report and testimony from a court-appointed psychologist who, after examining the mother and reviewing medical and other records, opined that she suffers from a mental illness, schizoaffective disorder, bipolar type, and that, as a result, if the children were returned to her care, they now and in the foreseeable future would be at risk of becoming neglected (see Social Services Law § 384-b[6]; Matter of Savannah Love Joy F. [Andrea D.], 110 AD3d 529 [1st Dept 2013], lv denied 22 NY3d 858 [2014]). Under the circumstances presented, where the expert's opinion was based on the mother's long history of mental illness, her noncompliance with psychiatric treatment, and the pervasive nature of her deficits and lack of insight, it was not necessary for the psychologist to observe interactions between the mother and children before reaching his conclusions (see Matter of Brianna Monique F. [Monique F.], 129 AD3d 638, 639 [1st Dept 2015]). Furthermore, additional evidence before the court supported the psychologist's opinion, including the testimony of
the mother's older daughter and the mother herself (see Matter of Abigail Bridget W. [Janice Antoinette W.], 112 AD3d 468 [1st Dept 2013]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK